KAREN P. HEWITT
United States Attorney
CALEB E. MASON
Assistant United States Attorney
California State Bar No. 246653
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5956
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

FILED
APR 1 4 2009
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE HERNANDEZ, <br><br> Defendant. | Criminal Case No. 09cr0572JAH <br><br> **STIPULATION OF FACT** |

IT IS HEREBY STIPULATED AND AGREED between the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, and defendant JOSE HERNANDEZ ("Defendant"), by and through and with the advice and consent of counsel, Michael Crowley, Esq., that:

1.  The material witness, _____RAMON RIVERA-AVILA_____:

    a.  Is an alien with no lawful right to enter or remain in the United States;

    b.  Entered or attempted to enter the United States illegally on or about February 2, 2009;

    c.  Was found in a vehicle driven by Defendant at the San Clemente, California, Border Patrol checkpoint;

    d.  Was paying money or having money paid on her behalf to be smuggled illegally into the United States.

2.  The above-named material witness, _RAMON RIVERA-AVILA_____, may be released and remanded immediately to the Department of Homeland Security for return to her country of origin.

3.  Defendant has signed a plea agreement in the above-captioned case, agreeing to plead guilty to Count 2 of the Indictment filed in that case.

3. If Defendant ultimately does not plead guilty to Count 2 of the Indictment in the above-captioned case, for any reason, or thereafter withdraws his guilty plea, Defendant agrees that in any proceeding, including but not limited to, motion hearings, trial, sentencing, or appeal, that:

   a. The stipulated facts set forth in Paragraph 1 shall be admitted as substantive evidence.

   b. The United States may elicit testimony from arresting agents regarding any statements made by the material witness provided in discovery to Defendant, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of an unavailable witness; and,

   c. To the extent that testimonial hearsay statements are not admissible against a defendant unless the defendant confronted and cross-examined the witness whom made the testimonial hearsay statements, defendant waives the right to confront and cross-examine the material witness in this case.

4. By signing this stipulation, Defendant certifies that Defendant has read it. Defendant certifies further that Defendant has discussed the terms of this joint stipulation with defense counsel and fully understands its meaning and effect.

Based on the foregoing, the parties jointly move the stipulation into evidence.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

4/14/09
DATED

Caleb E. Mason
Assistant United States Attorney

4/14/09
DATED

Michael Crowley, Esq.
Attorney for Defendant

4/14/09
DATED

Jose Hernandez, Defendant

2

09cr0572JAH