

PROB 12C
(04/08)

May 25, 2010

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
10 JUN -1 AM 11:09
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jose HERNANDEZ (English)   **Dkt. No.:** 09CR00572-002-JAH

**Reg. No.:** 13275-298

**Name of Sentencing Judicial Officer:** The Honorable John A. Houston, U.S. District Judge

**Date of Sentence:** July 31, 2009

**Original Offense:** 8 U.S.C. § 1324 (a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and Aiding and Abetting, a Class D felony.

**Sentence:** Time Served (187 days as of August 7, 2009); three years of supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** August 7, 2009

**Asst. U.S. Atty.:** Caleb E. Mason                  **Defense Counsel:** Michael Crowley (Appointed)
                                                                          (619)444-8808

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                                    **ALLEGATION(S) OF NONCOMPLIANCE**

**(Mandatory Condition)**
Refrain from any unlawful use of a controlled substance. (nv3)

1. While participating in a drug treatment program, Jose Hernandez used controlled substances, as evidenced by the urine samples he submitted to the U.S. Probation Office on April 19 and 30, and May 7 and 11, 2010, which tested positive for amphetamines and methamphetamine.

**(Special Condition)**
Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. (nv21)

2. While participating in a drug treatment program, Jose Hernandez failed to submit urine samples at MHS on October 26, November 13, and December 14, 2009; and January 6, 14, and 29; February 22; and March 2 and 22, 2010, as directed.

3. While participating in a drug treatment program, Jose Hernandez failed to submit a urine sample at the U.S. Probation Office on May 18, 2010, as directed.

4. While participating in a drug treatment program, Jose Hernandez failed to attend counseling at Mental Health Systems, Inc. (MHS), on December 2, 2009 and January 13, 2010, as directed.

***Grounds for Revocation:*** As to allegation one, I have received and reviewed the U.S. Pretrial Services Laboratory reports, which confirm that the urine samples submitted on the above listed dates were positive for amphetamines and methamphetamine.

As to allegations two and three, I have received and reviewed the Non-Compliance Reports from MHS and U.S. Probation, which confirm that Mr. Hernandez failed to provide urine samples on the dates listed, as directed in the pre-recorded message.

As to allegation four, I have received and reviewed the Non-Compliance reports from MHS, which confirm that Mr. Hernandez failed to attend drug treatment counseling as directed.

The offender began participating in drug treatment on August 12, 2009.

| | | |
|---|---|---|
| **(Standard Condition)**<br>Report to the probation officer and submit a truthful and complete written report within the first five days of the month. *(nv7)* | 5. | Jose Hernandez failed to report to the probation office on December 16, 2009, as directed. |

***Grounds for Revocation:*** As to allegation five, on December 3, 2009, Mr. Hernandez was directed to return to the U.S. Probation Office on December 16, 2009, at 11:00 a.m. to submit a sample of his DNA. He failed to report as instructed and left a message that he had a job interview and would not make the appointment.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Hernandez initially indicated that he wanted to comply with supervision mandates; however, he began missing drug treatment group sessions and failed to report for drug testing as directed. He also failed to report to submit DNA as directed stating he had a job interview. His excuse for failing to provide urine samples as directed was conflicts with his work schedule. Unfortunately, it is clear that he has reverted to drug use as evidenced by the four samples that tested positive for amphetamine and methamphetamine during the months of April and May 2010.

He was referred to MHS for a mental health assessment and it was the recommendation of the therapist that he attend alcohol and drug treatment. The therapist did not believe mental health therapy was warranted at the time.

This officer has tried to gain Mr. Hernandez's compliance. On January 22, 2010, he was directed to complete 20 hours of community service as a penance for not complying with his testing and counseling directives. He has reportedly completed ten hours, but has not provided verification to the probation officer as requested.

On April 8, 2010, he met with my supervisor and me and was advised that his full compliance with the directives was imperative for him to successfully complete his supervised release term. He agreed that he would make all of his drug testing requirements and group drug treatment sessions or face possible punitive consequences. He signed an written agreement to that effect. Unfortunately, he relapsed as evidenced by the positive urine tests and his wilful failure to test as required.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Hernandez has been receiving unemployment funds and working part time doing odd jobs including concrete work. He has a prior history of assault and domestic violence and advised the probation officer that prior to his incarceration he drank alcohol daily and used methamphetamine up to five times a week.

Given his prior drug and alcohol history, Mr. Hernandez was referred at the onset of supervision to attend drug counseling.

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of methamphetamine, failure to provide urine samples, failure to participate in drug treatment as directed, failure to report to U.S. Probation officer as directed) constitute Grade C violations. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

Mr. Hernandez initially indicated a desire to comply with the directives of the probation officer; however a few months into drug treatment, he began showing gradual yet consistent signs of digression and relapse. During the past two months, he has provided four urine samples which tested positive for methamphetamine, his drug of choice. The probation officer has extended Mr. Hernandez many chances to correct his behavior, yet he has chosen instead to use drugs and thereby jeopardize his freedom. Should allegation #1 be sustained, revocation is mandatory. Should any of the allegations be sustained, a custodial sanction is warranted as there needs to be stern consequences and a significant deterrent for him to stop using drugs, not only for his sake, but the sake of his wife and children. It is respectfully recommended that Mr. Hernandez be sentenced to six months in custody, which is the middle of the suggested range of imprisonment. It is further recommended that he be placed on supervised release for a period of two years and that he be ordered complete a intensive outpatient or residential drug treatment program, as directed by the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** <u>May 25, 2010</u>

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
James L. Whelpey
U.S. Probation Officer
(619) 557-2648

Reviewed and approved:

_____
Mark Reinhardt
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** HERNANDEZ, Jose

2. **Docket No. (Year-Sequence-Defendant No.):** 09CR00572-002-JAH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | use of methamphetamine | C |
   | failure to provide urine sample | C |
   | failure to participate in drug treatment as directed | C |
   | failure to report to U.S. Probation Officer as directed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 3 - 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____                    5-27-10
The Honorable John A. Houston                              Date
U.S. District Judge

jlw/jlw